NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN H. DAVIS,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7095

---

Appeal from the United States Court of Appeals for Veterans Claims in case No. 08-2570, Judge Bruce E. Kasold.

---

Decided: November 5, 2010

---

JOHN H. DAVIS, California City, California, pro se.

RUSSELL J. UPTON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN

F. HOCKEY, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, KRISTIANA M. BRUGGER, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before NEWMAN, BRYSON, and PROST, *Circuit Judges*.

PER CURIAM.

John H. Davis appeals from a decision of the Court of Appeals for Veterans Claims ("the Veterans Court"), which affirmed the June 30, 2008, decision of the Board of Veterans' Appeals denying Mr. Davis's claim for disability compensation. We dismiss the appeal for lack of jurisdiction.

BACKGROUND

Mr. Davis served in the United States Marine Corps from December 1968 until May 1970 when he was discharged as being unfit for service due to flat feet, or pes plannus. His condition was diagnosed on December 19, 1968. Military clinicians who saw Mr. Davis in 1969 noted that he had a long history of foot trouble and had to give up basketball in high school and college because of his foot problems. The service Medical Board recommended that he be discharged due to his condition in May 1970.

In 1974, Mr. Davis filed a claim for service connection, contending that his "pre-existing foot condition was aggravated by his active military service." A regional office of the Department of Veterans Affairs ("DVA") denied his claim in August 1974. Mr. Davis unsuccessfully sought to reopen his claim for service connection several times between 1974 and 1994. In 2007, the Board

reopened his claim for service connection because Mr. Davis submitted new and material evidence, specifically a statement signed by his sisters declaring that he was never forced to leave a basketball team in high school or college because of a foot disability. After reopening the case, the Board remanded it to the regional office for further consideration.

The regional office reviewed the evidence and denied service connection. Mr. Davis then appealed to the Board. After weighing the evidence, the Board placed more weight on the service department medical board report than on Mr. Davis's sisters' statement. The Board therefore upheld the regional office's decision denying service connection. Mr. Davis appealed the Board's decision to the Veterans Court. The Veterans Court affirmed, holding that the Board did not clearly err in concluding that the evidence failed to support a service connection.

## II

In his appeal to this court, Mr. Davis focuses on a single statement in his medical records that he contends is false. Because that issue is a pure question of fact, and because this court lacks jurisdiction to hear appeals on factual matters except when the appeal presents a constitutional question, we dismiss the appeal.

The jurisdiction of this court to hear appeals from the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), this court may review "the validity of a decision of the [Veterans Court] on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans Court] in making the decision." Section 7292(d)(2) mandates that, except to the extent an appeal

from the Veterans Court presents a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."

Mr. Davis contends this court has jurisdiction to hear his appeal on two grounds. First, he contends that the Board denied him the "benefit of the doubt," as required under 38 U.S.C. § 5107(b). Section 5107(b) requires the Board to give a claimant the "benefit of the doubt" when there is "an approximate balance of positive and negative evidence regarding any [material issue]." The Board, however, did not find there to be an approximate balance of positive and negative evidence in this case. Instead, the Board weighed Mr. Davis's sisters' statement that Mr. Davis never stopped playing basketball due to foot problems against his medical records, which noted several times that he stopped playing basketball in high school and college due to foot problems. After weighing the evidence, the Board found that the preponderance of the evidence was against Mr. Davis's claim. Because the "benefit of the doubt" doctrine applies only when the evidence is approximately balanced, it has no application when the Board determines that the preponderance of the evidence weighs against the veteran's claim. *Fagan v. Shinseki*, 573 F.3d 1282, 1287 (Fed. Cir. 2009).

Mr. Davis next contends that he was deprived of veterans benefits without due process. He cites this court's decision in *Cushman v. Shinseki*, 576 F.3d 1290 (Fed. Cir. 2009), for the proposition that a benefits decision that is based on altered records deprives the claimant of due process. The claimant in *Cushman* was denied benefits following hearings that were based on altered medical records. *Id.* at 1293. He did not learn of the altered medical records until years later, when he challenged the

earlier hearings on due process grounds. *Id.* at 1294. The government did not dispute that documents used in the hearings were altered; instead, the government argued that relief could not be granted because the hearing system was generally fair, even if it was not fair to the claimant in the instance under review. This court held that the altered documents, which were the only medical evidence in the prior hearings, deprived the claimant of his constitutional right to a fair hearing. Accordingly, we vacated the adverse judgment and remanded for a de novo hearing. *Id.* at 1300.

In *Cushman*, the acknowledged use of altered documents in the claimant's prior hearing was held to violate due process. In this case, there is no basis for concluding that the medical records in question are false. The statement by Mr. Davis's sisters that he was not forced to stop playing basketball because of his foot problems does not render the medical records false; it merely presents a dispute of fact that the Board was required to resolve. The Board's decision to place more reliance upon the medical records because they were made for purposes of diagnosis and treatment, while the sisters' statement was made in support of their brother's application for benefits, does not violate due process. Mr. Davis had the opportunity to prove that the statements in his medical records were false, which is all due process requires in this context. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (noting the fundamental due process requirement of a meaningful opportunity to be heard). Mr. Davis's contention that the Board's decision relied on a falsehood thus does not present a constitutional issue; instead, it only presents a factual issue, which we lack the jurisdiction to hear. We therefore dismiss the appeal.

No costs.

**DISMISSED**