NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**YUKIO MURAKAMI,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7006

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-2143, Judge William A. Moorman.

---

Decided: February 11, 2014

---

YUKIO MURAKAMI, of Spokane, Washington, pro se.

CORINNE A. NIOSI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT SNEE, Acting Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and CHRISTINA L. GREGG, Attorney, United

States Department of Veterans Affairs, of Washington, DC.

_____

Before LOURIE, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

Petitioner *pro se*, Yukio Murakami, appeals the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court"), which affirmed the Board of Veterans Appeals's denial of his claim for a higher level of special monthly compensation based on a need for regular aid and attendance. Because the Veterans Court did not err in interpreting the applicable statutory and regulatory provisions, we *affirm*.

## BACKGROUND

Mr. Murakami served in the U.S. Air Force from October 1971 to October 1991. Shortly before his retirement from service, Mr. Murakami was hospitalized after experiencing an episode of atypical psychosis in the form of catatonia with somatization. Shortly after retirement, Mr. Murakami submitted claims to the Department of Veterans Affairs ("VA") Regional Office for benefits, including dependency benefits for his three sons, the eldest of which he identified as being over 18 years old.

After a series of decisions, the Regional Office eventually granted Mr. Murakami a 100 percent service-connected disability rating for his atypical psychosis.[1]

_____

[1] In 1992, the Regional Office initially determined that his atypical psychosis was 100 percent disabling from November 1, 1991 to January 1, 1992. The Regional Office also determined that Mr. Murakami's psychosis went into remission after January 1, 1992 and was thus zero percent disabling after this date. In the years follow-

The Regional Office also granted Mr. Murakami disability compensation for several physical conditions, including duodenitis, dermatitis, tendinitis, hearing loss, and osteoarthritis. The Regional Office granted Mr. Murakami's claim for dependency benefits for his younger sons but declined to extend benefits for his eldest son. His claims for dependency benefits are not before us on appeal.

In 2005, given Mr. Murakami's 100 percent disability rating, the VA granted Mr. Murakami entitlement to an additional award of special monthly compensation at the housebound rate effective November 1, 1991. Special monthly compensation is available to "[e]xtraordinarily disabled veterans already receiving a 100% disability rating" and is "over and above the monthly amount for total disability." *Guillory v. Shinseki*, 603 F.3d 981, 983 (Fed. Cir. 2010). In 2006, Mr. Murakami sent a letter to the VA asserting that, under 38 U.S.C. § 1114, he was entitled to an even higher level of special monthly compensation based on his need for regular "aid and attendance." The VA's regulatory criteria for determining whether a veteran is in need of regular aid and attendance are contained in 38 C.F.R. § 3.352(a).

In February 2007, the Regional Office denied Mr. Murakami's claim on the basis that he did not meet the criteria for the higher level of special monthly compensation because he was not "so helpless . . . as to be permanently bedridden or in need of regular aid and attendance." Mr. Murakami filed a Notice of Disagreement with the decision, and the Regional Office issued a Statement of the Case in June 2009 again denying the

---

ing, Mr. Murakami continued to receive periodic psychological examinations, and recurring episodes led the VA to increase his disability compensation back to 100 percent in 1998, retroactive to January 1, 1992.

claim. Mr. Murakami subsequently appealed the decision to the Board of Veterans Appeals (the "Board").

In July 2012, the Board affirmed the Regional Office's denial of Mr. Murakami's claim for a higher level of special monthly compensation, and Mr. Murakami appealed the Board's decision to the Veterans Court. In his appeal before the Veterans Court, Mr. Murakami principally argued that the Board relied on illegal regulations, found at 38 C.F.R. §§ 3.350, 3.352, to deny his claim for a higher level of special monthly compensation. He asserted that the Board should have directly applied 38 U.S.C. § 1114 to his case and that the provisions found in the Code of Federal Regulations contain only "personal opinions made by someone at VA." In affirming the Board's decision and rejecting Mr. Murakami's argument that 38 C.F.R. §§ 3.350, 3.352 are illegal regulations, the Veterans Court noted that the Secretary of the VA is broadly authorized by statute to prescribe rules and regulations "necessary or appropriate to carry out the laws administered by the Department[.]" 38 U.S.C. § 501(a). The Veterans Court thus held that the Board did not err in applying the criteria of 38 C.F.R. §§ 3.350, 3.352 to Mr. Murakami's claim.

On October 1, 2013, Mr. Murakami filed a timely notice of appeal to this Court.

### DISCUSSION

Under 38 U.S.C. § 7292(a), this Court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." When reviewing decisions of the Veterans Court, this Court may not review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case" except to the extent that a constitutional

issue is presented. 38 U.S.C. § 7292(d)(2). Thus, this Court must affirm a decision by the Veterans Court unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1). We review the Veterans Court's legal determinations *de novo*. *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009).

We hold that the Veterans Court did not err in affirming the Board's denial of Mr. Murakami's claim for special monthly compensation. Mr. Murakami's argument that the Secretary lacked authority to issue regulations implementing the special monthly compensation statute is without merit, and the Veterans Court thus did not err in affirming the Board's use of the criteria set forth in 38 C.F.R. §§ 3.350, 3.352 to decide Mr. Murakami's claim.

Mr. Murakami argues that 38 C.F.R. §§ 3.350, 3.352 are invalid and were an improper basis for denying his claim because 38 U.S.C. § 1114 does not explicitly authorize the Secretary to promulgate implementing regulations that govern entitlement to special monthly compensation. As noted by the Veterans Court, however, 38 U.S.C. § 501 broadly authorizes the Secretary to "prescribe all rules and regulations which are necessary or appropriate to carry out the laws administered by the Department and are consistent with those laws, including—(1) regulations with respect to the nature and extent of proof and evidence and the method of taking and furnishing them in order to establish the right to benefits under such laws . . . ." 38 U.S.C. § 501(a)(1). The plain language of this provision does not restrict the Secretary's rulemaking authority to only those provisions that expressly grant such authority; rather, it gives the Secretary broad authority to promulgate rules carrying out all the laws

whose administration is entrusted to the VA. *Id.* We therefore agree with the Veterans Court that the Board properly used the criteria set forth in 38 C.F.R. §§ 3.350, 3.352 to decide Mr. Murakami's claim.

We lack jurisdiction to review Mr. Murakami's remaining arguments challenging the VA's application of the law to his factual situation. Mr. Murakami argues that the VA misapplied 38 U.S.C. § 1114 to his situation and that, under a correct reading of the statute, he would have been entitled to a higher level of special monthly compensation. This Court's jurisdiction does not extend to "challenge[s] to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). We thus decline to reach Mr. Murakami's arguments on this point.

CONCLUSION

Based on the foregoing, we affirm the decision of the Veterans Court.

**AFFIRMED**

COSTS

Each party shall bear its own costs.