# United States Court of Appeals for the Federal Circuit

---

**KAY M. BOWERS,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7087

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-3399, Judge Lawrence B. Hagel.

---

Decided: April 17, 2014

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

WILLIAM J. GRIMALDI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and JOSHUA P. MAYER, Attorney, United States Department of Veteran Affairs, of Washington, DC.

_____

Before RADER, *Chief Judge*, MOORE and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Kay M. Bowers seeks benefits based on the military service of her late husband, Wayne E. Bowers, who served in the Army National Guard. Thirty years after his National Guard duty, Mr. Bowers was diagnosed with and subsequently died from amyotrophic lateral sclerosis (ALS), also known as Lou Gehrig's disease. A regulation of the Department of Veterans Affairs provides a presumption of service connection for any *veteran* who develops ALS after active military service. Because the United States Court of Appeals for Veterans Claims properly determined that Mr. Bowers was not a veteran, as defined by statute, and, therefore, not qualified for the regulatory presumption, we affirm.

I.

Mr. Bowers served in the Army National Guard from March 1972 to March 1978, with a continuous period of active duty for training from August 1972 to February 1973. His records do not reflect that he incurred any injury or disease during service.

In 2009, shortly after his diagnosis with ALS, Mr. Bowers filed a claim for benefits for ALS and other conditions secondary to his ALS. In November 2009, a VA Regional Office denied Mr. Bowers's claim, finding that his ALS was not incurred or aggravated in service.

Mr. Bowers appealed to the Board of Veterans' Appeals, asserting that he was entitled to presumptive service connection for ALS under 38 C.F.R. § 3.318. The Board rejected his argument and noted that reserve duty and active duty for training of the type Mr. Bowers performed does not generally entitle an individual to eviden-

tiary presumptions. Because Mr. Bowers did not prove that he incurred ALS or any other disability during his period of active duty for training, the Board determined Mr. Bowers did not qualify as a "veteran," and thus could not invoke the presumption under § 3.318.

Mr. Bowers then appealed to the Veterans Court. While his appeal was pending, Mr. Bowers died and Mrs. Bowers was substituted as the appellant. Mrs. Bowers argued that the Board erred in two ways. First, Mrs. Bowers argued that the Board erred by requiring the individual achieve veteran status before the presumption under § 3.318 may be applied. Second, Mrs. Bowers argued that the Board erred by excluding from the presumption individuals whose service only consisted of active duty for training, without having incurred or aggravated a disease or injury during service.

Affirming the Board's decision, the Veterans Court held that § 3.318 includes a requirement that the individual attain "veteran status." *Bowers v. Shinseki*, 26 Vet. App. 201, 206–07 (2013). And because Mr. Bowers did not achieve veteran status, the Veterans Court determined that he was not entitled to presumptive service connection under the governing regulation. *Id.* at 207–09.

Mrs. Bowers appeals. We have jurisdiction under 38 U.S.C. § 7292(c).

## II.

Our jurisdiction to review decisions of the Veterans Court is limited by statute. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). In such instances, we review the Veterans Court's legal determinations de novo. *Cushman v. Shinseki*, 576 F.3d 1290,

1296 (Fed. Cir. 2009). Moreover, we may set aside any regulations or regulatory interpretations of the Veterans Court which are unconstitutional, violative of statute, procedurally defective, or otherwise arbitrary. 38 U.S.C. § 7292(d)(1). We may not, however, absent a constitutional challenge, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

In this case, we must decide whether the regulatory presumption of service connection for ALS applies to individuals who served only in the National Guard and did not perform any "active military, naval, or air service." The ALS regulation provides in full:

> (a) Except as provided in paragraph (b) of this section, the development of [ALS] manifested at any time after discharge or release from active military, naval, or air service is sufficient to establish service connection for that disease.
>
> (b) Service connection will not be established under this section:
>
> > (1) If there is affirmative evidence that [ALS] was not incurred during or aggravated by active military, naval, or air service;
> >
> > (2) If there is affirmative evidence that [ALS] is due to the veteran's own willful misconduct; or
> >
> > (3) If the veteran did not have active, continuous service of 90 days or more.

38 C.F.R. § 3.318.

As the Veterans Court noted, the regulation specifically refers to "active military, naval, or air service," which, in turn, "implies a requirement that the individual attain veteran status." *Bowers*, 26 Vet. App. at 206–07.

Mrs. Bowers argues that the Veterans Court's interpretation of § 3.318 is mistaken because the Secretary did not use the phrase "veteran status" anywhere in the regulation and, therefore, the court's imposition of such a requirement is erroneous. Rather, she asserts that any active service of more than 90 days is sufficient to establish entitlement to the presumption under § 3.318 regardless of whether the claimant meets the statutory definition of a "veteran."

Although it is true that § 3.318 does not refer to "veteran status," the regulation does provide that the presumption of service connection for ALS applies after discharge or release from *active military, naval, or air service*. That phrase is specifically defined by statute to include only individuals who served on active duty—which Mr. Bowers indisputably did not—or on active duty for training, but only when the individual was disabled or died from a disease or injury incurred or aggravated in the line of duty—which, again, Mr. Bowers was not. *See* 38 U.S.C. § 101(24). Thus, the Veterans Court's requirement of "veteran status" is simply an acknowledgment that § 3.318 requires active military, naval, or air service.

The Veterans Court's interpretation of the regulation is consistent with the statutory scheme. In general, title 38 of the U.S. Code establishes a veteran's right to disability compensation. Congress has authorized the United States to pay a "veteran" compensation for any disability contracted or aggravated while in "the active military, naval, or air service" during a period of war or peacetime. 38 U.S.C. §§ 1110, 1131. The statutes define the term "veteran" as a person who has served in "active military, naval, or air service," which includes "any period of active duty for training during which the individual concerned was disabled or died from a disease or injury incurred or aggravated in line of duty." 38 U.S.C. § 101(2), (24)(B).

Likewise, the plain language of 38 C.F.R. § 3.318 mirrors the statutory definitions by requiring "active military, naval, or air service" of 90 days or more for the presumption to apply and by twice reciting the term "the veteran." As the Veterans Court correctly recognized, the Secretary's use of these statutorily defined phrases indicates a limitation on the application of the presumption to those who qualify as a "veteran" under 38 U.S.C. § 101(2).

Mrs. Bowers cites to comments in the Federal Register that she asserts establish the Secretary's intent to provide the presumption under 38 C.F.R. § 3.318 to individuals that do not satisfy the statutory requirement of veteran status. But her citation contradicts that assertion by using the phrase "active military, naval, or air service," which, as established above, requires veteran status.

The Secretary published § 3.318 because medical studies indicated a statistical correlation between activities in military service and the development of ALS. Presumption of Service Connection for Amyotrophic Lateral Sclerosis, 73 Fed. Reg. 54,691, 54,691–92 (Sept. 23, 2008). Although the studies lacked conclusive evidence confirming the correlation, the Secretary nonetheless determined that proof of "active military, naval, or air service," together with the development of ALS following service, would be sufficient to establish entitlement to service connection for any "veteran." 73 Fed. Reg. at 54,692 (citing 38 U.S.C. § 1110). The Secretary's comments in the Federal Register, like the text of 38 C.F.R. § 3.318, echo the statutory requirements of veteran status.

## III.

We have considered Mrs. Bowers's remaining arguments and find them unpersuasive. Because it did not misinterpret 38 C.F.R. § 3.318, the judgment of the Veterans Court is affirmed.

## AFFIRMED

### COSTS

No costs.