**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SARAH LYNN HOLBROOKS,
Executor of The Estate of
Howard Holbrooks, Deceased,

      Plaintiff - Appellant,

v.

SUN LIFE ASSURANCE
COMPANY OF CANADA,

      Defendant - Appellee.

No. 13-3302
(D.C. No. 6:11-CV-01383-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McHUGH**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

This is an appeal from the district court's order affirming Sun Life Assurance

Company of Canada's ("Sun Life") decision to offset Howard Holbrooks's monthly

disability payments from the Veteran's Administration ("VA") against monthly

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

benefits owed to him under a disability policy issued by Sun Life.  Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

**Background**

Dr. Holbrooks served for six years as a physician in the United States Army.

Upon his honorable discharge in July 2003, Dr. Holbrooks worked in the private

sector and was insured under a group long-term disability policy ("the Policy")

issued by Sun Life as part of an employer-sponsored benefits plan governed by

the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.

§§ 1001-1461.

In 2009, Dr. Holbrooks was diagnosed with Amyotrophic Lateral Sclerosis

("ALS").  Under the Policy he was entitled to receive monthly disability benefits of

sixty percent of his total monthly earnings up to a maximum of $15,000 per month.

These benefits would be offset by any "Other Income Benefits" Dr. Holbrooks was

entitled to receive as a result of the same disability.  The Policy defined "Other

Income Benefits" as including, among other things, any benefits Dr. Holbrooks

received pursuant to "Workers' Compensation Law" or any "Compulsory Benefit Act

or Law . . . or any other act or law of like intent."  Aplt. App. Vol. I at A59.  Pursuant

to VA regulation 38 C.F.R. § 3.318, Dr. Holbrooks's diagnosis with ALS also

entitled him to a monthly disability benefit from the VA.

Dr. Holbrooks made a claim for disability benefits with Sun Life. In response,

Sun Life explained that the VA benefits were "Other Income Benefit[s] as

defined . . . under a 'Compulsory Benefit Act or Law; and/or any other act or law of like intent,'" and would therefore be offset against monthly benefits under the Policy. Aplt. App. Vol. II at A215. Sun Life also notified Dr. Holbrooks that he could request "a review of the denial within 180 days[,] . . . [and] submit written comments, documents, records or other information relating to this matter." *Id*. at A217.

Dr. Holbrooks initiated an administrative appeal of Sun Life's decision, which he characterized as being based solely on the VA benefit falling within the "[a]ny other act or law of like intent" portion of the Policy's definition of "Other Income Benefit." He argued offset was improper because VA benefits were not specifically mentioned in the Policy's definition of "Other Income Benefits," and requested that, "Sun Life [ ] cease reducing his monthly disability benefit by $3,005.00 and [ ] return all monies previously offset without the need [for] litigat[ion]." *Id*. at A296. Dr. Holbrooks did not challenge Sun Life's alternate rationale that the VA benefit should be offset as a "Compulsory Benefit Act or Law." *Id*. at A294.

Sun Life denied the appeal on the ground that the VA benefits were received under a law similar to "Workers' Compensation Law." *Id*. Vol. I at A90. Sun Life also acknowledged that Dr. Holbrooks had exhausted his administrative remedies and that he "may have the right to bring a civil action under [ERISA]." *Id*. at A92.

Dr. Holbrooks filed suit and the parties filed cross motions for summary judgment.[1] Sun Life argued the VA benefits were "Other Income Benefits" because Dr. Holbrooks was entitled to them both as a result of a "Compulsory Benefit Act or Law" or a law similar to "Workers' Compensation Law." Dr. Holbrooks responded that Sun Life was precluded from "argu[ing] that [his] VA Benefits arise under a 'compulsory benefit act or law' . . . [because] Sun Life did not raise this as a basis for denying Dr. Holbrooks' claim *until now*." *Id*. Vol. II at A248-49 (emphasis added). Substantively, Dr. Holbrooks reasserted his argument that the offset was not authorized because VA benefits were not specifically mentioned as "Other Income Benefits" in the Policy and further claimed the VA benefits were not similar to those received under "Workers' Compensation Law."

The district court determined Sun Life had "explicitly invoked the 'Compulsory Benefit Act or Law' language in its . . . letter denying Dr. Holbrooks' claim," *id*. at A340, and the VA benefits were properly offset as "Other Income Benefits" under both Policy provisions cited by Sun Life. This appeal followed.

## Discussion

The parties agree we should apply a de novo standard of review. "De novo review means that we make an independent determination of the issues." *Heggy v. Heggy*, 944 F.2d 1537, 1539 (10th Cir. 1991). Summary judgment is appropriate

---

[1] Dr. Holbrooks died while his suit was pending and his wife and executor, Sarah Lynn Holbrooks, was substituted as plaintiff.

- 4 -

where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

We address first Dr. Holbrooks's argument that Sun Life is precluded from arguing he was eligible for VA benefits pursuant to a "Compulsory Law or Benefit." ERISA mandates that the plan participant receive "adequate notice . . . setting forth the specific reasons for [a] denial [of benefits and be] afford[ed] a reasonable opportunity . . . for a full and fair review . . . of the decision."  29 U.S.C. § 1133. "Thus, the federal courts will consider only those rationales that were specifically articulated in the administrative record as the basis for denying a claim."  *Spradley v. Owens-Ill. Hourly Emps. Welfare Benefit Plan*, 686 F.3d 1135, 1140 (10th Cir. 2012) (internal quotation marks omitted).  In the denial letter, Sun Life explicitly stated Dr. Holbrooks's VA benefits were considered an "Other Income Benefit" for two reasons:  as a "'Compulsory Benefit Act or Law; and/or any other act or law of like intent.'"  Aplt. App. Vol. II at A215.  This is not a situation where Sun Life "treat[ed] the administrative process as a trial run and offer[ed] a post hoc rationale in district court."  *Spradley*, 686 F.3d at 1040-41 (internal quotation marks omitted).  We therefore reject Dr. Holbrooks's argument that Sun Life did not comply with the procedural requirements of ERISA.

We turn now to the merits.  First, Dr. Holbrooks argues it was error to consider his VA disability benefits as "Other Income Benefits" because the Policy did not specifically list them as such.  We reject this argument because Dr. Holbrooks has

not supported it with any legal authority.  *See Phillips v. Calhoun*, 956 F.2d 949, 953 (10th Cir. 1992) (holding that this court will not consider an argument that "has not been even minimally supported by legal argument or authority").

Next, Dr. Holbrooks argues that the term "Compulsory Benefit Act or Law" is ambiguous and the ambiguity should be resolved in his favor to exclude the VA benefits as "Other Income Benefits."  We disagree.

"This Court has held that federal common law, governed by principles of trust law, governs the interpretation of an ERISA plan."  *Foster v. PPG Indus., Inc.*, 693 F.3d 1226, 1237 (10th Cir. 2012) (internal quotation marks omitted).  "[W]e examine the plan documents as a whole and, if unambiguous, construe them as a matter of law.  Whether . . . [a] term is ambiguous depends on the common and ordinary meaning as a reasonable person in the position of the plan participant would have understood the words to mean."  *Id*. (citations omitted) (internal quotation marks omitted).

There is nothing ambiguous about the term "Compulsory Benefit Act or Law." "Compulsory" is defined as "required by a law or rule [or] having the power of forcing someone to do something."  "Compulsory" Definition, Merriam-Webster.com, http://www.merriam-webster.com/dictionary/compulsory (last visited June 26, 2014).  "Veteran's disability benefits are nondiscretionary, statutorily mandated benefits, [which] [a] veteran is entitled to . . . upon a showing that he meets the eligibility requirements set forth in the governing statutes and regulations."

*Cushman v. Shinseki*, 576 F.3d 1290, 1298 (Fed. Cir. 2009). Further, VA regulations establish a presumption of service connection for ALS for any veteran who develops ALS any time after separation from military service. *See* 38 C.F.R. § 3.318(a) ("[T]he development of [ALS] manifested at any time after discharge or release from active military . . . service is sufficient to establish service connection for that disease"). Because the VA was required by law to pay Dr. Holbrooks's disability benefits, Sun Life was entitled to offset those benefits under the terms of the Policy.[2]

The judgment of the district court is affirmed.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[2] Because we affirm the district court's conclusion that the VA benefits are a "Compulsory Benefit Act or Law," we do not reach Sun Life's alternate argument that they were received under a law similar to "Workers' Compensation Law."