NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**MARK R. GORTON,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

2013-7083

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-2834, Judge Coral Wong Pietsch.

Decided: September 12, 2013

MARK R. GORTON, of Gresham, Oregon, pro se.

JOSEPH E. ASHMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy

Assistant General Counsel, and ANNA ELAZA, Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before NEWMAN, PROST, and WALLACH, *Circuit Judges.*

PER CURIAM.

Mark R. Gorton appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court) affirming the Board of Veteran's Appeals' ("Board") denial of service connection for Mr. Gorton's spinal disability. *Gorton v. Shinseki*, No. 11-2834 2012 U.S. App. Vet. Claims LEXIS 2478 at *13–14 (U.S. App. Vet. Cl. Dec. 20, 2012) ("Veterans Court Decision"). Because the issues raised by Mr. Gorton on appeal require the application of law to fact, we dismiss for lack of jurisdiction.

BACKGROUND

Mr. Gorton served in active service from February 1980 to February 1983. In 1982, during service, he underwent a pilonidal cyst excision procedure. In July 2004, the Department of Veterans Affairs ("VA") Regional Office ("RO") in Portland, Oregon, denied Mr. Gorton service connection for a spine disability he alleged was caused by a spinal block injection during the cyst removal procedure. Mr. Gorton appealed the decision to the Board. After two Board remands, a VA examination was conducted in April 2011 by a Board-certified orthopedic surgeon. The examiner diagnosed Mr. Gorton with "spinal stenosis and arthrosis of the cervical spine and some degree of arthrosis developing in the lumbar spine as well." Veterans Court Decision at *2 (internal quotation marks and citation omitted). The examiner noted that Mr. Gorton's service treatment records did not reflect any lower back or neck complaints during service and that the onset of Mr. Gorton's back pain was post-service, in 1984, while he was working at an automobile shop. The exam-

iner concluded: "It is the opinion of this board certified orthopedic surgeon that there is no evidence whatsoever to link the condition of the cervical spine, thoracic spine or lumbar spine to any event in active military service, and certainly not to the result of any spinal anesthetic for pilonidal cyst surgery." *Id.* at *3–4 (internal quotation marks and citation omitted). Relying on the examiner's medical opinion, the Board denied Mr. Gorton's claim.

Mr. Gorton then appealed to the Veterans Court, which affirmed the Board's decision.

The Veterans Court first addressed Mr. Gorton's argument that the Board failed to take into account certain documents in the record, including Social Security Administration ("SSA") records, a 2007 bone density test, a 2003 full-body magnetic resonance imaging ("MRI"), a 1984 VA document written by a Doctor Frye, and a 1987 document from the Roseburg VA Medical Center. The Veterans Court held that because the appellant neither provided citations to the record for these documents nor explained how they would change the outcome of the Board decision, there was no clear error by the Board.

The Veterans Court also considered Mr. Gorton's argument that the Board failed to adequately consider certain medical documents, specifically handwritten surgery notes from 1982 and a 2003 document written by a caretaker indicating that Mr. Gorton had received an overdose of an anesthetic during his 1982 cyst removal surgery. However, the Veterans Court concluded that the Board was not required to independently discuss medical statements indicating a possible overdose, because the examiner's opinion had already considered such a possibility. Veterans Court Decision at *10. The examiner had concluded: "'It could only be rationally deduced that if the spinal anesthetic was responsible for any back problems or conditions, these symptoms would have manifested themselves immediately after the spinal anesthetic, and

not 4 or 5 years down the road.'" Veterans Court Decision at *3 (quoting R. at 525).

Finally, Mr. Gorton argued that the Board failed to discuss independent written materials suggesting that an overdose of anesthetic could cause Mr. Gorton's current condition. However, the Veterans Court was unable to consider this evidence because it was submitted after the date of the Board decision that was under review and thus not a part of the administrative record. Mr. Gorton filed this timely appeal.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Pursuant to 38 U.S.C. § 7292(a), this court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except to the extent that a constitutional issue is presented, this court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). The Veterans Court's legal determinations are reviewed *de novo*. *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009).

On appeal, Mr. Gorton contends that the Board erroneously determined that there was no causal nexus between service and his spinal injury. Specifically, Mr. Gorton argues that an overdose of the anesthetic during his pilonidal cyst excision was the cause of his spinal stenosis. Mr. Gorton points to the independent medical documents linking anesthetic overdose with his injury, the 2007 bone density test, the 2003 MRI, X-rays, the document by Doctor Frye, and the Roseburg VA document to argue his case.

None of Mr. Gorton's contentions present an argument of legal error by the Veterans Court to give us jurisdiction. Rather, Mr. Gorton challenges the Board's factual determination that Mr. Gorton's injury was not related to his service. To the extent that Mr. Gorton's appeal can be construed to challenge the Veterans Court's holding that the Board's decision was supported by an adequate statement of reasons, he contests the Veterans Court's application of law to the facts of this case. Because this court lacks jurisdiction to review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case," 38 U.S.C. § 7292(d)(2), Mr. Gorton's appeal is dismissed for lack of jurisdiction.

**DISMISSED**