NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEORGE S. HARGER,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7086

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-3092, Judge Robert N. Davis.

---

Decided:  November 13, 2014

---

GEORGE S. HARGER, of Red Lodge, Montana, pro se.

ALEXANDER V. SVERDLOV, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and CLAUDIA BURKE, Assistant Director.  Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and LARA K. EILHARDT, Attor-

ney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before REYNA, LINN, and WALLACH, *Circuit Judges.*

PER CURIAM.

George S. Harger appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board") assignment of a noncompensable disability rating for his genitourinary condition. *Harger v. Shinseki*, No. 12-3092 (Vet. App. Feb. 11, 2014*)* ("Veterans Court Decision"). Because the issues raised by Mr. Harger on appeal require either a review of factual determinations or the application of law to fact, we dismiss for lack of jurisdiction.

## BACKGROUND

Mr. Harger is a veteran of the Vietnam War and served on active duty between January 1964 and January 1966. In 1971, Mr. Harger filed an initial claim for service connection for a genitourinary condition (including traumatic phimosis and balanitis), a skin disease on his feet, a lymph node infection, and a right shoulder disability. In May 1971, the Department of Veterans Affairs ("VA") Regional Office ("VARO") in Lincoln, Nebraska, denied Mr. Harger's request. Mr. Harger then submitted new evidence to the VARO. Based on the newly-submitted evidence, in November 1972, the VARO granted service connection for balanitis, effective February 10, 1971, but assigned it a noncompensable disability rating.

Mr. Harger then filed a claim seeking review of the May 1971 decision on the grounds of clear and unmistakable error ("CUE"). In February 2003, the VARO found Mr. Harger did not satisfy the requirements for establishing CUE. Mr. Harger appealed this decision to the Board,

which dismissed his CUE allegation relating to the May 1971 denial of service connection for his genitourinary condition. The Board also remanded his CUE claim regarding the denial of service connection for the skin disease of the feet, lymph node infection, and right shoulder disability. In September 2008, on remand, the Board found there was no CUE in the May 1971 decision's denial of service connection for skin disease of the feet, lymph node infection, or right shoulder disability. The Board did not address Mr. Harger's CUE claim for his genitourinary condition.

In June 2011, the Veterans Court found the Board erred in its September 2008 decision by failing to address Mr. Harger's CUE claim relating to the VARO's May 1971 denial of service connection for the genitourinary condition. The court remanded and directed the Board to address "whether the RO had before it nexus evidence or evidence of continuity of symptomatology, as well as evidence of a current disability including 'erythroplasia of Queyrat,' 'balanitis,' and any other genitourinary condition." Resp't's App. ("R.A.") 26.

On remand, the Board found the May 1971 decision was not susceptible to a CUE claim because it was not final. The Board explained Mr. Harger had submitted new evidence within a one-year period of May 1971, and "[t]hese submissions required reconsideration of the May 1971 decision," therefore the decision was rendered not final with respect to the Mr. Harger's genitourinary condition. R.A. 15. Upon consideration of the new evidence, Mr. Harger was granted a noncompensable service connection, effective February 10, 1971. Accordingly, the "November 1972 decision subsumed the earlier May 1971 RO decision on the same subject," R.A. 15, making the 1971 decision not susceptible to a CUE claim.

In a memorandum decision dated February 11, 2014, the Veterans Court affirmed the Board's decision dismiss-

ing Mr. Harger's CUE claim as to the VARO's May 1971 decision. The court reasoned Mr. Harger had not made a CUE claim in the final VARO decision relating to the genitourinary claim, and thus it was not error to dismiss.

Mr. Harger filed this timely appeal.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Pursuant to 38 U.S.C. § 7292(a) (2012), this court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except to the extent that a constitutional issue is presented, this court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). The Veterans Court's legal determinations are reviewed de novo. *Cushman v. Shinseki,* 576 F.3d 1290, 1296 (Fed. Cir. 2009).

Mr. Harger first argues the Board's decision did not deny his claim for service connection for a genitourinary condition, and that the RO did not properly consider all of the genitourinary conditions listed in his service medical records. Pet'r's Br. 5–6, 22–23. These arguments present factual issues, matters this court lacks jurisdiction to review. 38 U.S.C. § 7292(d)(2).

Mr. Harger also contends he did not submit additional evidence following the May 1971 RO decision, and claims the documentation he filed during the one-year period was merely "redundant" evidence that existed previously, and thus should have had "no effect" on the finality of the

May 1971 rating decision. Pet'r's Br. 18. This is an application of law to fact we lack jurisdiction to review.[1]

Mr. Harger also argues the Veterans Court applied the wrong version of the regulations in deciding his case. Pet'r's Br. 11–12. He contends the Veterans Court improperly applied 38 C.F.R. § 3.156(a) and (b) (2013), which was not in existence in 1971, in place of the "extant" 1971 version. Pet'r's Br. 17. However, the Board expressly cited to 38 C.F.R. § 3.156(a) (1971) in its decision, R.A. 8, and we therefore afford this argument no weight.

Because this court lacks jurisdiction to review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case," 38 U.S.C. § 7292(d)(2), Mr. Harger's appeal is dismissed for lack of jurisdiction.

## CONCLUSION

We have considered Mr. Harger's other arguments on appeal and find them unpersuasive. As the Government points out, Mr. Harger is free to file a CUE claim based on the November 1972 decision. In November 1972, Mr. Harger was granted service-connection for his genitourinary condition, but the VARO found it to be non-

---

[1] To the extent this can be construed as a legal challenge regarding the Board's interpretation of 38 C.F.R. § 3.156(a), we discern no error.

Under 38 C.F.R § 3.156(a) (1971), "new and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision, will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period." Therefore, Mr. Harger's argument that the receipt of the additional evidence by the VARO "had no effect on the May 13, 1971 VARO rating decision" is incorrect. *See* 38 C.F.R. § 3.156(a).

compensable. Thus the November 1972—rather than the prior May 1971 decision denying service connection—is the "final" decision on Mr. Harger's claim for benefits. R.A. 15.

## DISMISSED

### COSTS

No costs.