NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**FREDERICK W. BAUER,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7064

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-0132, Judge Alan G. Lance, Sr.

---

Decided: January 13, 2015

---

FREDERICK W. BAUER, of Texarkana, Texas, pro se.

RETA E. BEZAK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. On the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, SCOTT D. AUSTIN, Assistant Director, and BENJAMIN MARK MOSS, Trial Attorney. Of counsel on the brief were Y. KEN LEE, Deputy Assistant General Counsel, and LARA K.

EILHARDT, Attorney, United States Department of Veterans Affairs, of Washington, DC.

––––––––––––––––––––

Before WALLACH, TARANTO, and CHEN, *Circuit Judges*.

PER CURIAM.

Appellant Frederick W. Bauer appeals the order of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. *See Bauer v. Shinseki*, No. 14-0132 (Vet. App. Feb. 21, 2014) (Appellee's App. ("VA App.") 1–2) (order denying petition) (the "Order"). Because the Veterans Court properly denied Mr. Bauer's petition for mandamus, this court affirms.

### BACKGROUND

According to Mr. Bauer, he is a veteran of the Vietnam War who served in the United States Army from 1969 to 1972. On October 29, 2010, a United States Department of Veterans Affairs ("VA") regional office received Mr. Bauer's claim for pension benefits, which it denied on December 28, 2010. The claim was apparently denied because Mr. Bauer had been incarcerated for more than sixty days for a felony or misdemeanor, and was therefore ineligible for pension benefits. *See* 38 C.F.R. § 3.666 (2010). According to Mr. Bauer, on February 8, 2011, he filed a notice of disagreement with the regional office's decision to which he received an acknowledgment of receipt on March 10, 2011.

On December 31, 2012, Mr. Bauer contacted the Board regarding the status of his claim. In response, on January 23, 2013, the Board wrote to Mr. Bauer explain-

ing "no appeal . . . ha[d] been docketed at the Board."[1] VA App. 47. Therefore, the Board forwarded Mr. Bauer's correspondence to a regional office and directed that office to reply to Mr. Bauer directly.

On July 29, 2013, in response to Mr. Bauer's Notice of Disagreement, the regional office issued its Statement of the Case regarding the denial of the pension claim. Subsequently, Mr. Bauer submitted additional statements to the regional office on August 29, 2013, September 6, 2013, and December 17, 2013, along with copies of various magazine and newspaper articles. On January 16, 2014, while the additional information submitted by Mr. Bauer was under review at the regional office, Mr. Bauer filed a petition for a writ of mandamus, requesting the Veterans Court to order the VA to adjudicate and grant his pension claim.

While the Petition was pending at the Veterans Court, the regional office completed its review of Mr. Bauer's additional evidence and issued a Supplemental Statement of the Case on January 21, 2014. In the Supplemental Statement, the regional office reached the same conclusion as it had in the original Statement of the Case, finding "[e]ntitlement to nonservice-connected pension benefits is denied because pension is not payable as long as you are incarcerated." VA App. 15 ("Veterans that are incarcerated for more than 60 days for a felony or misdemeanor are not eligible to receive pension benefits based on 38 [C.F.R. §] 3.666.").

---

[1] This is apparently because the regional office was still working on the Statement of the Case in response to Mr. Bauer's Notice of Disagreement; therefore, an appeal had not yet been certified to the Board. *See* VA App. 15; Appellee's Br. 19.

Upon review of Mr. Bauer's Petition, the Veterans Court ordered the VA to submit information about the status of Mr. Bauer's claim. Order at 1; VA App. 4. In response, the VA reported "on January 21, 2014, the Waco [regional office] issued a Supplemental Statement of the Case . . . as to Petitioner's pension claim." Order at 1 (internal quotation marks and citation omitted). Thereafter, the Veterans Court denied Mr. Bauer's Petition on February 21, 2014.[2] In doing so, the court noted the "VA is currently in the process of adjudicating [Mr. Bauer's] claim, . . . and [he] has not demonstrated either that he lacks adequate alternative means to obtain the desired relief or an arbitrary refusal by the [VA] to act." *Id.* at 2 (citations omitted). Mr. Bauer appeals.

DISCUSSION

I. Jurisdiction & Standard of Review

Pursuant to 38 U.S.C. § 7292(a) (2012), this court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except to the extent that a constitutional issue is presented, this court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). The Veterans Court's legal determinations are reviewed de novo. *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009).

---

[2] The Veterans Court also noted that Mr. Bauer sought additional remedies, "including his unconditional release from federal custody and compensatory and punitive damages," which were outside the court's prospective jurisdiction. Order at 2.

Thus, with regard to Mr. Bauer's arguments that the Veterans Court "ignor[ed] the facts of the case," Appellant's Br. 1F, or misapplied the facts giving rise to his claim for mandamus relief, *id.* at 1C ("This case is about facts, not about law, obviously so."), such arguments are beyond this court's jurisdiction. *See* 38 U.S.C. § 7292(d)(2). This court does have jurisdiction, however, over the limited question of whether the Veterans Court committed legal error in interpreting the law of mandamus. *See Lamb v. Principi*, 284 F.3d 1378, 1381–82 (Fed. Cir. 2002) ("Excluding the review of factual issues from our jurisdiction was intended to remove from our consideration the factual details of veterans benefits cases . . . . Congress intended the Veterans Court to be the final arbiter of those factual issues. There is no indication, however, that in thus limiting our jurisdiction, Congress intended to insulate from judicial review that court's ruling on mandamus petitions.").

## II. The Veterans Court Properly Interpreted the Law of Mandamus

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). A petitioner seeking mandamus relief must therefore prove a "clear and indisputable" right to the writ, and the absence of adequate alternative means to obtain the requested relief. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004) (internal quotation marks and citation omitted). Moreover, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* Mr. Bauer appears to argue a writ should have issued because of the delays in the VA's processing of his claim. *See* Appellant's Br. 1J–1K (stating his "claim for VA benefits has been in the works for 4+years, which is typical of federal courts stalling tactics regarding pending litigation obviously, off the record, to

allow avoidance of accountability to their own rule of law or the administration of their own work product").

Here, however, the Veterans Court properly stated the law of mandamus, outlining three conditions, all of which must be met for the writ to issue:

> (1) The petitioner must demonstrate that he lacks adequate alternative means to obtain the desired relief, thus ensuring that the writ is not used as a substitute for the appeals process; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the Court must be convinced, given the circumstances, that the issuance of the writ is warranted.

Order at 1–2 (citing *Cheney,* 542 U.S. at 380–81). It then examined Mr. Bauer's Petition in light of these criteria and found that because his claim was still before the VA, which had issued the Supplemental Statement of the Case "as recently as January 2014," Mr. Bauer failed to demonstrate he lacked "adequate alternative means to obtain the desired relief" as required by the first element. *Id.* at 2. It also found Mr. Bauer had not shown "an arbitrary refusal by the [VA] to act." *Id.* As the VA points out, "Mr. Bauer's arguments that the facts of his case entitle him to nonservice-connected pension benefits amount to a collateral attack on an ongoing agency adjudication." Appellee's Br. 15. The Veterans Court both articulated and actually applied the correct law of mandamus to deny the Petition in these circumstances.

## CONCLUSION

For the foregoing reasons, the Veterans Court's decision is

## **AFFIRMED**

### COSTS

No costs.