NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARK C. JACKSON,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2018-1207

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-0021, Judge Margaret C. Bartley.

---

Decided: May 2, 2018

---

MARK C. JACKSON, Starke, FL, pro se.

JOSEPH ALAN PIXLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE; Y. KEN LEE, AMANDA BLACKMON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, MOORE, and CHEN, *Circuit Judges.*

PER CURIAM.

Mark C. Jackson ("Jackson") appeals from the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") affirming the decision of the Board of Veterans' Appeals (the "Board") denying him entitlement to a total disability evaluation based on individual unemployability ("TDIU"). *See Jackson v. Shulkin*, No. 17-0021, 2017 WL 4861924 (Vet. App. Oct. 26, 2017) ("*Decision*"). For the reasons that follow, we *dismiss* the appeal.

## BACKGROUND

Jackson served on active duty in the United States Navy from July 1989 to July 1993. In August 2003, Jackson filed a claim at the U.S. Department of Veterans Affairs ("VA") Regional Office ("RO") for entitlement to TDIU benefits and requested vocational rehabilitation and employment ("VRE") training for a "sit down job" that did not require both hands. *Decision*, 2017 WL 4861924, at *1. Before he filed the claim, the RO had assigned Jackson service connection for a 10% disability rating for right foot injury residuals, a 0% rating for a right ear injury, and a 0% rating for left finger fracture residuals. *Id.*

In December 2003, Jackson reported he had a "sit down job" tuning cable amplifiers that he could do with one hand from July 1997 to December 2000. *Id.* Jackson then worked as a technician from December 2000 to December 2001 and at a fast food restaurant from August 2002 to October 2002, but he was unable to satisfy the standing and walking requirements of those positions. *Id.*

In February 2004, the RO denied Jackson's TDIU claim. *Id.* at *2. That same month, Jackson filed a Notice

of Disagreement ("NOD") as to the decision denying TDIU, but the RO continued to deny TDIU.

Jackson appealed to the Board. In April 2005, the Board remanded Jackson's TDIU claim. *Id.* In March 2006, the VA denied Jackson's request for VRE services, determining that his vocational goal was not reasonably feasible because Jackson had not been compliant with the program for two years. *Id.* In April 2006, Jackson filed an NOD as to the denial of VRE services. *Id.*

Between October 2006 and June 2013, the Board remanded the TDIU and VRE claims multiple times, including in December 2011 to obtain Jackson's records from the Social Security Administration ("SSA"). *Id.* The VA requested Jackson's records from the SSA in May and July 2012, but was later informed by the SSA that the records could not be located and any further efforts to locate them would be futile. *Id.* In February 2013, the VA notified Jackson that his SSA records were unavailable. *Id.*

In August 2014, the Board granted Jackson's VRE appeal, finding that the March 2006 decision denying VRE services was incorrect. *Id.* The Board found that Jackson's occupational goal of working as a computer systems analyst was reasonable and that his service-connected foot injury would not prevent him from performing this type of work. *Id.*

But in April 2016, the Board again remanded the TDIU claim. The matter was referred to the Compensation Service Director, who determined that Jackson was not entitled to extraschedular TDIU under 38 C.F.R. § 4.16(b). *Id.* At this time, Jackson's combined disability evaluation was 40%, which included service connection for a right foot injury, rated at 30%; lumbosacral strain, rated at 10%; left finger fracture, rated at 0%; right ear injury,

rated at 0%; mole removal, rated at 0%; and right foot hammertoes on the second to fifth digits, rated at 0%.[1] *Id.* The Compensation Service Director found that Jackson's service-connected disabilities did not preclude him from sedentary employment requiring limited standing and walking. *Id.*

Jackson appealed the denial of his TDIU claim to the Board. The basic issue before the Board then was Jackson's entitlement to TDIU. *Id.* In October 2016, the Board found that Jackson's service-connected disabilities did not render him unable to secure substantially gainful employment and denied the claim. *Id.* In its decision, the Board considered Jackson's partial college education and computer work history, as well as his statements that he was unable to work due to limitations in walking, standing, and repetitive left hand use. *Id.*

In August 2017, Jackson appealed this decision to the Veterans Court, which affirmed the Board. *Id.* at \*4. In a single-judge decision, the Veterans Court confirmed that it did not have jurisdiction over Jackson's separate VRE claim because it was not before the Board in its October 2016 adjudication. *Id.* at \*3. The Veterans Court also concluded that the Board did not err in determining that the VA satisfied its duty under 38 C.F.R. § 3.159 to assist Jackson in obtaining his SSA records in support of his TDIU claim and that such records were unavailable. *Id.* After multiple attempts at securing the records, SSA had notified the VA that the requested records were unavailable and that any further effort at locating such records would be futile. *Id.* at \*2.

---

[1]    Jackson apparently was not entitled to TDIU under 38 C.F.R. § 4.16(a) either, which in the case of two or more disabilities requires "at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more."

Jackson moved for a full panel decision, which was granted. The panel agreed with the single judge and affirmed. Jackson then timely appealed to this court.

## DISCUSSION

The scope of our review in an appeal from the Veterans Court is limited. We may review the validity of a decision with respect to a rule of law or interpretation of a statute or regulation that was relied upon by the Veterans Court in making its decision. 38 U.S.C. § 7292(a). Except with respect to constitutional issues, this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Jackson raises several arguments in this appeal. For the following reasons, we conclude that we lack jurisdiction over Jackson's claims.

Jackson argues that he was unlawfully denied VRE benefits for opposing unlawful discrimination. The government responds that because the VRE claim was not before the Board, the Veterans Court properly concluded that it lacked jurisdiction over that claim, and therefore the VRE claim is not properly presented to this court.

We agree with the government. As prescribed by statute, our task is to review certain legal determinations relied upon by the Veterans Court in deciding a case, *see* 38 U.S.C. § 7292(d)(1), not to decide issues in the first instance. We lack jurisdiction over Jackson's VRE claims that were not before the Veterans Court or decided by the Board.

Jackson also raises several arguments relating to his TDIU claim. Jackson argues that the VA failed to meet its duty to acquire his SSA records and conspired with the Social Security Commissioner to falsify his records. In connection with the alleged conspiracy, Jackson alleges that the VA misdiagnosed him with a finger, rather than

a hand, disability. The government responds that Jackson's allegations are factual in nature and outside our jurisdiction.

We agree with the government that Jackson's contentions challenge either the Veterans Court's factual determinations or its application of law to facts, and we have jurisdiction over neither of such determinations. 38 U.S.C. § 7292(a); *see also Jackson v. Shinseki*, 324 F. App'x. 901, 904 (Fed. Cir. 2009) (similarly concluding that we lacked jurisdiction over Jackson's SSA records claims).

Finally, Jackson argues that the VA violated his rights under the First and Fifth Amendments by denying him TDIU. Appellant Br. 3 (citing *Cushman v. Shinseki*, 576 F.3d 1290, 1293 (Fed. Cir. 2009)). He also generally alleges that the VA engaged in racketeering and extortion and has refused to pay for and implement his intellectual property.

The government responds that the Veterans Court neither needed to decide nor did decide any constitutional issue in its decision, and that Jackson has merely attached constitutional labels to his factual claims challenging the VA's denial of TDIU. According to the government, such labeling of factual claims as constitutional is not sufficient to invoke our jurisdiction.

We agree with the government that Jackson has only repackaged into constitutional form his claim that he qualifies for TDIU, and we lack jurisdiction over that claim because it only challenges the Veterans Court's factual determinations or applications of law to fact.

Furthermore, we conclude that *Cushman* is inapplicable. In *Cushman*, we decided that a veteran's due process rights had been violated where it had been established that the VA relied on a record improperly altered by a VA employee. 576 F.3d at 1294, 1300. In contrast, there is no factual basis in the record for the various

crimes and misdeeds Jackson claims took place at the VA and SSA. *Cushman* is thus inapposite and does not provide a constitutional basis for Jackson's claim that the VA erred in denying him TDIU.

We have considered the remaining arguments, but conclude that they are without merit.

### CONCLUSION

For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

**DISMISSED**

### COSTS

Each party shall bear its own costs.