NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHAUNCEY L. ROBINSON,**

*Claimant-Appellant*

**v.**

**ROBERT WILKIE, ACTING SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2018-1252

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-2336, Judge Mary J. Schoelen.

---

Decided: May 14, 2018

---

CHAUNCEY L. ROBINSON, Alexandria, VA, pro se.

SONIA MARIE ORFIELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., TARA K. HOGAN; Y. KEN LEE, MARTIE ADELMAN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* SCHALL and MOORE, *Circuit Judges.*

PER CURIAM.

Chauncey L. Robinson appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court"), affirming a denial by the Board of Veterans' Appeals ("Board") of his claims for higher disability ratings for hypertension and hypertensive cardiovascular disease. Because we do not have jurisdiction over the issues raised by Mr. Robinson's appeal, we *dismiss.*

### BACKGROUND

Mr. Robinson served on active duty in the U.S. Army from January 1992 to July 1992. In 2010, he was diagnosed with hypertension, for which he was granted service connection, and assigned a 10% disability rating, effective July 1992. In June 2012, he underwent a medical examination ("2012 examination") and was diagnosed with hypertensive cardiovascular disease. A record from the 2012 examination indicated Mr. Robinson exhibited symptoms at 7–10 metabolic equivalents ("METs"). He objected to the 2012 examination, asserting that the medical examiner was not a cardiologist, inaccurately stated he did not take medication for a heart condition, and failed to discuss his medical history. In response, the regional office ("RO") attempted to schedule an examination with cardiologists ("cardiac examination"), but, after consulting counsel, Mr. Robinson declined the cardiac examination. He was granted service connection for hypertensive cardiovascular disease and assigned a disability rating of 60%, effective December 1993; decreasing to 30%, effective January 1998; and decreasing to 0% effective January 2012, based on the versions of Diagnostic Code ("DC") 7005 under 38 C.F.R. § 4.104 in effect at those times.

In May 2015, the Board denied Mr. Robinson's claims for higher disability ratings for hypertension and hypertensive cardiac disease. Acknowledging Mr. Robinson's objection to the 2012 examination, the Board stated that, "[t]o the extent the . . . examiner's opinion [from the 2012 examination] is inconsistent with the evidence of record, the Board affords it little probative weight." S.A. 78. It added that "the consequence" of Mr. Robinson's decision to decline the cardiac examination is that his claim "must be rated on the remaining evidence of record without the benefit of a VA examination." S.A. 79. Finding no evidence that Mr. Robinson exhibited symptoms at 3 METs or less, as required for a higher disability rating under DC 7005, the Board denied his claim. The Veterans Court affirmed. Mr. Robinson timely appealed.

## DISCUSSION

Our review of appeals from the Veterans Court is limited by 38 U.S.C. § 7292. We may review a decision of the Veterans Court "with respect to the validity of a decision . . . on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." § 7292. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* Unless an appeal raises a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.*

We conclude Mr. Robinson's challenges to the Veterans Court's decision are beyond our jurisdiction. Mr. Robinson argues the Secretary has "turn[ed] a blind eye to ongoing criminal misconduct" at the Department of

Veterans Affairs ("Department") in violation of, for example, 38 C.F.R. § 1.201, which requires Department "employees with knowledge or information about actual or possible violations of criminal law" to "immediately report such knowledge or information to" an appropriate official, and § 1.204, which requires "[c]riminal matters involving felonies" be "immediately referred to the Office of Inspector General." Mr. Robinson's allegations do not challenge the validity of the Veterans Court's decision. Nor do they challenge the validity or interpretation of any statute or regulation. This issue raised by Mr. Robinson is beyond our jurisdiction under § 7292.

Mr. Robinson also argues that the Secretary's exercise of his power under 38 U.S.C. § 511(a) to issue the September 14, 2005 order has deprived him of due process and his civil rights. The September 14, 2005 order, which Mr. Robinson describes as a "Contempt of Court" order, is an order from the Veterans Court granting a motion for remand filed jointly by Mr. Robinson and the Secretary ("remand order"). S.A. 19–25. Section 511(a) provides that the Secretary shall "decide all questions of law and fact necessary to decision by the Secretary under a law that affects the provision of benefits . . . to veterans."

Mr. Robinson's challenges to the remand order are likewise beyond our jurisdiction. While Mr. Robinson has couched this issue as a constitutional one, we find no constitutional question raised by the remand order. Mr. Robinson's "characterization of that question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

Finally, Mr. Robinson's citation to *Cushman v. Shinseki*, 576 F.3d 1290 (Fed. Cir. 2009), does not raise a constitutional issue over which we have jurisdiction. In *Cushman*, we held that the Department's reliance on an "improperly altered document" in a veteran's medical

record violated his right to due process because there was "a 'reasonable probability of a different result' absent those alterations." *Id.* at 1292, 1300 (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)). We understand Mr. Robinson's citation to *Cushman* to be an argument that his due process was violated either (i) by the Veterans Court's reliance on the 2012 examination, to which he objected, in denying his claim for a higher disability rating for hypertensive cardiac disease or (ii) by an alteration to the August 25, 2012 letter from his former counsel, Kenneth S. Beskin ("Beskin letter").

The *Cushman* court made clear that the veteran's due process had been violated because there was a "reasonable probability of a different result" absent the alterations, *id.* at 1300, a probability that does not exist here. With regards to the 2012 examination, the Board and the Veterans Court both acknowledged Mr. Robinson's objection to that examination and, accordingly, gave it little weight. The Veterans Court stated its denial of Mr. Robinson's claim was premised not on evidence from the 2012 examination that he exhibited symptoms at more than 3 METs, but on the lack of *any* evidence in the record that he exhibited symptoms at less than 3 METs— a lack due in part to Mr. Robinson's decision to decline the cardiac examination. The Beskin letter fares similarly. While Mr. Robinson asserts that the "last sentence on page five ha[s] been ALTERED," he does not allege what alteration has been made or what, if any, effect such an alteration would have had on the Veterans' Court's decision. Mr. Robinson bears the burden to show that his due process has been violated, but we find he has failed to make an allegation with sufficient specificity to permit our review. Thus, we find Mr. Robinson has not articulated a due process violation akin to *Cushman* that would present a constitutional issue within our jurisdiction.

We have considered Mr. Robinson's remaining arguments and find them unpersuasive.

CONCLUSION

Because we lack jurisdiction to hear Mr. Robinson's appeal, we *dismiss*.

**DISMISSED**

COSTS

No costs.