# United States Court of Appeals
# for the Federal Circuit

---

**ROBERT C. DEVLIN,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2014-3018

---

Petition for review of the Merit Systems Protection Board in No. SF0843130210-I-1.

---

Decided: September 12, 2014

---

JASON M. WILCOX, Kirkland & Ellis LLP, of Washington, DC, argued for petitioner.

DOMENIQUE KIRCHNER, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN JR., Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before NEWMAN, MOORE, and REYNA, *Circuit Judges.*

MOORE, *Circuit Judge*.

Robert Devlin appeals from the decision of the Merit Systems Protection Board (Board) denying his application for Basic Employee Death Benefits (BEDB) pursuant to 5 U.S.C. § 8442(b)(1)(A) submitted on behalf of his mother's estate. Because the Board properly interpreted 5 U.S.C. § 8442(b)(1)(A) and the Office of Personnel Management's (OPM) implementing regulations, we *affirm*.

BACKGROUND

Darlene Devlin had been married for over forty years when her husband died. At the time of his death, Mrs. Devlin's husband had been a civilian federal employee for nearly six years, entitling Mrs. Devlin to BEDB should she submit an application. *See* 5 U.S.C. §§ 8442(b)(1)(A), 8466(b). However, Mrs. Devlin died before she could sign or file an application for BEDB. Following Mrs. Devlin's death, her son, Mr. Devlin, completed, signed, and filed an application for BEDB on her behalf.

OPM denied Mr. Devlin's application, concluding that Mrs. Devlin was not entitled to BEDB because she failed to submit an application for those benefits before her death. Mr. Devlin sought reconsideration, asserting that his appointment as a co-administrator of his mother's estate permitted him to sign and file the application for BEDB on her behalf. OPM affirmed, and Mr. Devlin appealed to the Board. The administrative judge and, subsequently, the Board, affirmed. The Board concluded that, under 5 U.S.C. § 8442(b)(1)(A) and the implementing OPM regulations, while the spouse of a federal employee may be entitled to BEDB upon the employee's death, that spouse's estate may not apply for those benefits on her behalf. *Devlin v. Office of Pers. Mgmt.*, 120 M.S.P.R. 78, 80-81 (2013). The Board concluded that Mr. Devlin could not apply for BEDB on Mrs. Devlin's behalf. *Id.* Mr. Devlin appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the Board's holding unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

We agree with both parties that 5 U.S.C. § 8442(b)(1)(A) does not clearly answer the question of whether a surviving spouse's estate may apply for BEDB on her behalf. The relevant portion of that statute provides: "[i]f an employee dies after completing at least 18 months of civilian service creditable under section 8411 and is survived by a *widow or widower*, the *widow or widower* is entitled to [BEDB]." 5 U.S.C. § 8442(b)(1)(A) (emphases added). There is no indication in the statute whether Congress intended to limit entitlement to BEDB to only the surviving "widow or widower" or to also include the surviving spouse's estate.

Given the statute's silence, we look to the interpretation provided by OPM, the agency Congress charged with prescribing regulations to carry out the provisions of 5 U.S.C. § 8442, to interpret the statute. *See* 5 U.S.C. § 8461(g). The OPM regulations implementing 5 U.S.C. § 8442 provide that a "current spouse" who meets certain requirements "is entitled to the basic employee death benefit . . . ." 5 C.F.R. § 843.309. As to the application for those benefits, 5 C.F.R. § 843.302 provides:

> *A current or former spouse* of a deceased retiree, employee, or separated employee may file an application for benefits under this subpart, personally or through a representative, at any time within 30 years after the death of the retiree, employee, or separated employee.

(emphasis added). A "current spouse" is defined as "a living person who is married to the employee . . . at the time of the employee's . . . death." 5 C.F.R. § 843.102. Inserting this definition of current spouse into 5 C.F.R. § 843.302: "[a living person who is married to the employee . . . at the time of the employee's . . . death] may file an application for benefits . . . ." The plain language of the regulation requires the current spouse to be living at the time of his or her application for BEDB.[1] We reject Mr. Devlin's contention that this definition only requires the current spouse to be living at the time of the employee's death.[2] As written, the "living person" requirement is separate and distinct from the "married to the employee" requirement. While it is true that the regulation allows the current spouse to file for benefits "through a representative," 5 C.F.R. § 843.302, it nonetheless requires the representative to be of the current spouse—i.e., of a living person. The executor or administrator of an estate is not the representative of a living person and thus cannot apply for BEDB on behalf of a surviving spouse under 5 C.F.R. § 843.302.

---

[1]    A "former spouse" is defined as "a living person who was married . . . to an employee . . . an whose marriage to the employee . . . was terminated before the death of the employee." 5 C.F.R. § 843.102. Thus, a former spouse must also be living at the time of his or her application for BEDB.

[2]    Mr. Devlin's interpretation would be proper if the regulation defined current spouse as "a person who is married to the employee *and is living* at the time of the employee's death." But it does not. His interpretation is not consistent with the plain language of the regulation and would render the "living person" requirement superfluous: you could not be married to the employee at the time of his death unless you were alive at the time of the employee's death.

We disagree with Mr. Devlin that OPM's interpretation is inconsistent with our decision in *Cushman v. Shinseki*, 576 F.3d 1290 (Fed. Cir. 2009). There, we held that "[a] veteran is entitled to disability benefits *upon a showing* that he meets the eligibility requirements set forth in the governing statute and regulations." *Id.* at 1298 (emphasis added). We concluded that "such entitlement to benefits is a property interest protected by the Due Process Clause of the Fifth Amendment to the United States Constitution." *Id.* In this case, however, Mrs. Devlin did not show that she was eligible for BEDB—she failed to file an application that would have established her eligibility. And filing the application for BEDB was a necessary prerequisite for entitlement to those benefits. *See* 5 U.S.C. § 8466 (benefits "shall not be paid . . . unless an application therefor is received by the Office"); 5 C.F.R. § 8442(b)(2)(a) ("No benefit is payable under [5 U.S.C. § 8442], until after the claimant has applied for the benefit in the form prescribed by OPM."). Because she did not file the necessary application, Mrs. Devlin was not entitled to BEDB and thus had no protected property interest in those benefits. As such, Mrs. Devlin's estate could have no protected property interest in the BEDB.

We conclude that OPM's interpretation of 5 U.S.C. § 8442(b)(1)(A), as reflected in its implementing regulations, is reasonable and not contrary to the plain meaning of the statute.

CONCLUSION

We hold that the Board properly interpreted 5 U.S.C. § 8442(b)(1)(A) and OPM's implementing regulations and thus *affirm*.

**AFFIRMED**