**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BONITA J. AMIDON,<br>　　　　　　Appellant, | DOCKET NUMBER<br>SF-0843-17-0578-I-1 |
| 　　v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DATE:  January 2, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Alexander L. Massari</u>, Esquire, and <u>Steven Derryberry</u>, Esquire, Palmdale, California, for the appellant.

<u>Roxann Johnson</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

The Office of Personnel Management (OPM) has filed a petition for review and the appellant has filed a cross petition for review of the initial decision, which remanded the case to OPM and vacated OPM's reconsideration decision denying the appellant's application for death benefits under the Federal

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

Employees' Retirement System (FERS). For the reasons discussed below, we GRANT the petition for review, DENY the cross petition for review, VACATE the initial decision and OPM's reconsideration decision, and REMAND the appeal to OPM for further adjudication in accordance with this Remand Order.

## BACKGROUND

The decedent, who was a Federal civilian employee of the Department of Defense under FERS, and his former spouse were married on June 21, 1997. Initial Appeal File (IAF), Tab 8 at 24, 37-41. On or around February 14, 2003, the decedent and his former spouse permanently separated. IAF, Tab 16 at 4. On or around March 30, 2004, the decedent filed a petition for the dissolution of his marriage to his former spouse. IAF, Tab 8 at 24, Tab 16 at 4. The decedent and the appellant were married on September 23, 2006, in California. IAF, Tab 8 at 28, Tab 16 at 5. On February 4, 2008, the Superior Court of California, County of Kern, issued a judgment of dissolution of the marriage between the decedent and his former spouse. IAF, Tab 8 at 22-27. On July 4, 2014, the decedent passed away while still in Federal civilian service. *Id.* at 29, 37. On or around August 1, 2014, the appellant applied to OPM for death benefits based on the decedent's service. *Id.* at 30-36.

In a letter dated March 26, 2015, OPM requested that the appellant provide legal documents to prove that her marriage to the decedent was valid. *Id.* at 21. OPM warned the appellant that it would suspend her survivor annuity payments if she did not provide the requested documentation. *Id.* The record does not contain any response from the appellant. In an initial decision dated May 11, 2015, OPM determined that the appellant was not eligible for survivor or death benefits under FERS because her marriage to the decedent was invalid. *Id.* at 18-20. The appellant, through her attorney, requested reconsideration of OPM's initial decision, and she submitted additional documentation, as requested by OPM. *Id.* at 7-17. She argued that she was entitled to benefits as a putative

spouse of the decedent under California state law. *Id.* at 10-12, 15-17. She further represented that her spousal benefits had been suspended. *Id.* at 12, 17. In a final decision dated June 15, 2017, OPM affirmed its initial decision. *Id.* at 4-5. OPM found that, at the time of the appellant's marriage to the decedent, he was still married to his former spouse. *Id.* at 4. OPM stated that it did not recognize the appellant's marriage to the decedent or a putative spouse claim. *Id.*

The appellant, through her attorney, thereafter filed the instant appeal with the Board, and she requested a hearing. IAF, Tab 1 at 1-7. As discussed during a prehearing conference, the parties presented oral arguments in lieu of a hearing, and they submitted a written stipulation of facts. IAF, Tabs 14-16.

Without holding the requested hearing, the administrative judge issued an initial decision vacating OPM's reconsideration decision and remanding the case to OPM. IAF, Tab 26, Initial Decision (ID) at 2, 4. Specifically, she ordered OPM to "[t]ake necessary steps in accordance with its policies and procedures concerning obtaining the local court's judgment on the issue as to whether [the appellant] is recognized as a putative spouse" and to issue a new decision. ID at 4-5.

OPM has filed a petition for review. Petition for Review (PFR) File, Tab 1. The appellant has filed a response and a cross petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

This appeal concerns the issue of whether the appellant has met her burden of proving by preponderant evidence her entitlement to FERS death benefits under 5 U.S.C. § 8442(b)(1). *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986) (finding that the burden of proving entitlement to a survivor annuity is on the applicant for benefits); 5 C.F.R. § 1201.56(b)(2)(ii).

Pursuant to 5 U.S.C. § 8442(b)(1), a "widow or widower" of a Federal employee who dies while still in duty status after completing certain minimum lengths of service is entitled to a basic employee death benefit (BEDB) and a survivor annuity under FERS. *See Devlin v. Office of Personnel Management*, 120 M.S.P.R. 78, ¶¶ 4-5 (2013) (considering whether the estate of a current spouse may apply for and receive a BEDB under 5 U.S.C. § 8442(b)(1)(A) on the spouse's behalf), *aff'd*, 767 F.3d 1285 (Fed. Cir. 2014); *Donati v. Office of Personnel Management*, 106 M.S.P.R. 508, ¶ 10 (2007) (stating that, to be entitled to receive a FERS survivor annuity under 5 U.S.C. § 8442(b), the appellant must establish that she is the "widow" of the decedent); *Charmack v. Office of Personnel Management*, 93 M.S.P.R. 667, ¶ 10 (2003) (observing that, if an employee dies after completing at least 18 months of civilian service creditable under FERS and is survived by a widow or widower, the widow or widower is entitled to death benefits under 5 U.S.C. § 8442(b)(1)); *see also* 5 C.F.R. §§ 843.309-843.310 (implementing the death benefits set forth at 5 U.S.C. § 8442(b)(1)).[2] The statutory definition of "widow" is "the surviving wife of an employee, . . . , who—(A) was married to him for at least 9 months immediately before his death; or (B) is the mother of issue by that marriage." 5 U.S.C. § 8441(1). The statute does not further define "marriage" or "wife." 5 U.S.C. § 8441.

---

[2] OPM's implementing regulations refer to the entitlements of a "current spouse," which OPM defines as "a living person who is married to the employee, separated employee, or retiree at the time of the employee's, separated employee's or retiree's death." 5 C.F.R. §§ 843.102, 843.309-843.310.

However, OPM's implementing regulations provide the following definition of "marriage":

> Marriage means a marriage recognized in law or equity under the whole law of the jurisdiction with the most significant interest in the marital status of the employee, Member, or retiree. If a jurisdiction would recognize more than one marriage in law or equity, [OPM] will recognize only one marriage but will defer to the local courts to determine which marriage should be recognized.[3]

5 C.F.R. § 843.102; *see Donati v. Office of Personnel Management*, 104 M.S.P.R. 30, ¶ 5 (2006) (finding that, because there is no general Federal law of marriage, OPM and the Board look to state domestic relations law to determine whether an applicant for survivor benefits under 5 U.S.C. § 8442 was married to a decedent), *reversed on other grounds*, 106 M.S.P.R. 508 (2007).

Here, it is undisputed that the jurisdiction with the most significant interest in the marital status of the decedent is California. PFR File, Tab 1 at 11, Tab 3 at 13. Thus, we find that the law of California is the applicable state law to determine whether the appellant was married to the decedent. Section 664 of the Cal. Evid. Code states, "A ceremonial marriage is presumed to be valid." Section 2201(a) of the Cal. Fam. Code, regarding bigamous and polygamous marriages, states, in pertinent part, "A subsequent marriage contracted by a person during the life of his or her former spouse, with a person other than the former spouse, is illegal and void, unless: (1) The former marriage has been dissolved or adjudged a nullity before the date of the subsequent marriage." Section 2346(c) of the Cal.

---

[3] Because Congress did not define "marriage," and the statute is silent or ambiguous regarding that term, the Board must determine whether OPM's interpretation is based on a permissible construction of the statute. *See Arnold v. Office of Personnel Management*, 94 M.S.P.R. 86, ¶ 13 n.2 (2003). OPM's interpretation of the statutes it administers is entitled to considerable weight, especially when there are no compelling reasons to conclude that such an interpretation is erroneous or unreasonable. *Id.* Here, we find that OPM's interpretation is based on a permissible construction of the statute and that there are no compelling reasons to conclude that such interpretation is erroneous or unreasonable. *Cf. Money v. Office of Personnel Management*, 811 F.2d 1474, 1476-78 (Fed. Cir. 1987) (deferring to OPM's interpretation of "marriage" under the analogous Civil Service Retirement System).

Fam. Code authorizes a trial court to enter a judgment of dissolution of a marriage *nunc pro tunc*, even though the judgment may have been previously entered, when through mistake, negligence, or inadvertence the judgment was not entered as soon as it could have been entered under the law if applied for. *See In re Marriage of Mallory*, 64 Cal. Rptr. 2d 667, 674-76 (Cal. Ct. App. 1997) (concluding that a trial court has the statutory power regarding the termination of marital status to enter a judgment *nunc pro tunc* as of a date preceding the date of death of the party and that, because the statute permits the trial court to act on its own motion, a motion for entry of a judgment *nunc pro tunc* may be made by a third party); *Hamrick v. Hamrick*, 260 P.2d 188, 189-93 (Cal. Dist. Ct. App. 1953) (affirming the lower court's order directing that a final judgment of divorce should be entered *nunc pro tunc* upon the motion of the second wife of the deceased husband).

In addition, California law recognizes a rebuttable presumption of the validity of the most recent marriage that may be overcome by conclusive evidence demonstrating that no divorce terminated an earlier marriage. *See Money v. Office of Personnel Management*, 811 F.2d 1474, 1478 (Fed. Cir. 1987) (discussing the rebuttable presumption under California law); *McAndrews v. Office of Personnel Management*, 39 M.S.P.R. 168, 173 (1988) (same); *Bailey v. Office of Personnel Management*, 29 M.S.P.R. 670, 672 (1986) (same); *Jacobs v. Office of Personnel Management*, 13 M.S.P.R. 23, 26 (1982) (same), *aff'd*, 707 F.2d 513 (5th Cir. 1983) (Table); *see also Patillo v. Norris*, 135 Cal. Rptr. 210, 214 (Cal. Ct. App. 1976) (observing that the primary basis of the rebuttable presumption is the policy that the person entering the second marriage is not presumed to have committed the crime of bigamy); *Vargas v. Superior Court*, 88 Cal. Rptr. 281, 283 (Cal. Ct. App. 1970) (explaining the rebuttable presumption). Further, Cal. Fam. Code § 2251(a) states, in pertinent part, "If a determination is made that a marriage is void or voidable and the court finds that either party or both parties believed in good faith that the marriage was valid, the

court shall: (1) Declare the party or parties, who believed in good faith that the marriage was valid, to have the status of a putative spouse."

Here, in deciding to remand the case to OPM, the administrative judge relied on *Hyde v. Office of Personnel Management*, 40 M.S.P.R. 204 (1989), and *Nivert v. Office of Personnel Management*, 11 M.S.P.R. 77 (1982). ID at 3-4. In *Hyde,* 40 M.S.P.R. at 207, the Board held that it is without authority to adjudicate the validity of, or to void, a civil marriage. The Board further held in *Hyde* that the validity of a marriage under applicable state law must be determined by the appropriate local judicial body. *Id.* In *Nivert,* 11 M.S.P.R. at 78, the Board observed that a putative spouse, who is entitled under state law to the same rights and benefits as a legal wife, has been held by the former U.S. Civil Service Commission to be entitled to a civil service survivor annuity when there is no legal spouse contesting for receipt of these payments. In the instant appeal, the administrative judge found that the local court (and not OPM or the Board) must make the determination as to whether the appellant is recognized as a putative spouse. ID at 3-4. The administrative judge explained that, because the record was devoid of evidence that a California court had made a determination on the appellant's potential status as a putative spouse, she was unable to assess the validity of the appellant's marriage to the decedent. ID at 4. Accordingly, the administrative judge found it appropriate to vacate OPM's reconsideration decision and to remand the case to OPM to issue a new decision after obtaining the local court's judgment on the appellant's potential status as a putative spouse. ID at 4-5.

In its petition for review, OPM raises two main arguments: (1) the administrative judge erroneously shifted the burden of proving entitlement to death benefits from the appellant to OPM by ordering OPM to obtain the local court's judgment on her alleged status as a putative spouse; and (2) even if the appellant were to be recognized as a putative spouse, she would not be entitled to death benefits because her marriage to the decedent would be considered void or

voidable under California law. PFR File, Tab 1 at 4-5, 9-17. To support its second argument, OPM relies on *Money*, 811 F.2d at 1477, 1479, in which the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held that the Board did not err in finding that Federal law directs the distribution of the civil service survivor annuity at issue[4] and in consulting California law only to identify who was the decedent's legal spouse at the time of his death. PFR File, Tab 1 at 13, 15. In addition, OPM does not dispute that there may be other remedies that the appellant could seek through state court that may allow her to meet the statutory definition of "widow" under 5 U.S.C. § 8441(1). PFR File, Tab 1 at 16 n.4. OPM proposes an alternative disposition of vacating the initial decision and remanding the appeal to OPM to provide the appellant with an opportunity to seek a state court determination allowing her to prove that she is the decedent's "widow." *Id.* at 17.

In her response and cross petition for review, the appellant opposes OPM's arguments, and she requests the Board to clarify how obtaining the state court's judgment that she is a putative spouse would affect her case. PFR File, Tab 3 at 6-14. The appellant has resubmitted her marriage certificate and an order determining succession to real property, both of which are part of the record before the administrative judge. *Id.* at 17, 19; IAF, Tab 20 at 14, 16, Tab 22 at 11, 13.

For the following reasons, we vacate the initial decision and OPM's reconsideration decision and we remand the appeal to OPM. We agree with the administrative judge's finding that any determination regarding the appellant's status as a putative spouse must be made by the California court system, as mandated under Cal. Fam. Code § 2251(a). ID at 3-4; *see Ceja v. Rudolph & Sletten, Inc.*, 302 P.3d 211, 221 (Cal. 2013) (holding that the trial court must

---

[4] The survivor annuity at issue in *Money*, 811 F.2d at 1476, is set forth at 5 U.S.C. § 8341(d), which authorizes a survivor annuity for a "widow or widower" of an employee who dies after completing at least 18 months of Federal civilian service under the Civil Service Retirement System.

consider the totality of the circumstances in determining whether an alleged putative spouse had a good faith belief that the marriage was valid); *In re Estate of Goldberg*, 21 Cal. Rptr. 626, 632 (Cal. Dist. Ct. App. 1962) (finding that whether the required belief was held in good faith by the alleged putative spouse was a question of fact to be resolved by the trial court).  However, we agree with OPM that the administrative judge improperly placed the burden on OPM to obtain the local court's judgment on the appellant's alleged status as a putative spouse.  The appellant, not OPM, bears the burden of proving entitlement to retirement benefits by preponderant evidence.  *Cheeseman*, 791 F.2d at 140-41; 5 C.F.R. § 1201.56(b)(2)(ii).  To the extent the administrative judge relied on *Hyde* in ordering OPM to obtain the local court's judgment, we find that *Hyde* does not support such action.  In *Hyde*, 40 M.S.P.R. at 207 & n.1, the Board remanded the case to OPM for a supplemental reconsideration decision and noted that the appellant could introduce on remand to OPM a court order concluding that the marriage at issue was void.  Although OPM represented before the Board in *Hyde* that it normally would attempt to obtain an appropriate court's declaratory judgment before accepting a claim that a ceremonial marriage was void, the Board did not order OPM to do so.  *Id.* at 207-08.

Moreover, based on the current record, we are unable to rule on OPM's argument that the appellant would not be entitled to death benefits as a putative spouse of the decedent.  In particular, OPM has not responded specifically to the Board's contemplation in *Nivert*, 11 M.S.P.R. at 78, that a putative spouse could be entitled to a survivor annuity when there is no competing claim from a legal spouse.  Further, OPM has not addressed the possibility of recognizing a putative spouse as married in equity under its regulatory definition of "marriage" set forth at 5 C.F.R. § 843.102.  As discussed above, OPM relies on the Federal Circuit's decision in *Money*, 811 F.2d at 1477, 1479, to support its argument.  PFR File, Tab 1 at 13, 15.  However, we find that *Money* does not preclude the possibility

that, under California law, a putative spouse could be considered as married in equity.

Under the circumstances of this appeal, we find it appropriate to grant OPM's alternative request to vacate the initial decision and remand the appeal to OPM to allow the appellant to seek the state court's judgment. *Cf. Goldbach v. Office of Personnel Management*, 42 M.S.P.R. 57, 60 (1989) (giving effect to the state court decision regarding the appellant's common-law marriage). In light of our decision to remand this matter to OPM for a new reconsideration decision, we deny the appellant's request to clarify how obtaining the state court's judgment that she is a putative spouse would affect her case. *See* 5 U.S.C. § 1204(h) (prohibiting the Board from issuing advisory opinions).

## ORDER

We remand this case to OPM to provide the appellant with the opportunity to obtain the local court's judgment regarding the validity of her marriage to the decedent and, if necessary, her alleged status as a putative spouse and to submit such judgment to OPM. After providing the appellant with such an opportunity, OPM shall promptly issue a new reconsideration decision and shall advise the appellant of her right to appeal to the Board if she disagrees with that new decision. *See, e.g., Ott v. Office of Personnel Management*, 120 M.S.P.R. 453, ¶ 9 (2013).

We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the

11

office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

FOR THE BOARD: 

*Jennifer Everling*

_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.