NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TYSHA S. HOLMES,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2025-1541

---

Petition for review of the Merit Systems Protection Board in Nos. AT-0752-11-0263-C-1, AT-0752-11-0263-X-1.

---

Decided:  March 12, 2026

---

TYSHA S. HOLMES, Lexington, SC, pro se.

JOSHUA DAVID TULLY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by ELIZABETH M. HOSFORD, PATRICIA MCCARTHY, BRETT A. SHUMATE.

---

Before CHEN, HUGHES, and STARK, *Circuit Judges*.

PER CURIAM.

Tysha S. Holmes petitions for review from the Final Order of the Merit Systems Protection Board (Board) finding the Army in compliance with the Board's previous order. That prior order mandated the Army to halt efforts to recoup interim relief payments from Ms. Holmes for the period between December 15, 2013 and July 9, 2014. *See* SAppx 1–12, 167–68.[1] For the following reasons, we *affirm*.

## BACKGROUND

Ms. Holmes was employed by the Army as a Physician Assistant in Fort Jackson, South Carolina. SAppx 216. The Army removed her from her position on November 17, 2010 for failing to follow instructions, disrespectful behavior towards her supervisor, insubordination, and unauthorized disclosure of medical quality assurance information. *Id.* at 194–95, 216–18. An administrative judge reversed Ms. Holmes's removal, finding that Ms. Holmes's due process rights were violated "when the deciding official considered [her] prior disciplinary record without providing her notice . . . and an opportunity to respond." *Id.* at 222. The administrative judge, however, permitted the Army to "reinstitute a disciplinary action employing constitutionally correct procedures." *Id.* In the meantime, the administrative judge ordered the Army to (1) restore Ms. Holmes to her position retroactive to November 17, 2010, (2) pay backpay with interest, (3) adjust benefits with appropriate credits and deductions, and (4) "provide interim relief . . . in accordance with 5 U.S.C. § 7701(b)(2)(A)." *Id.* at 222–23.

The Army filed a petition for review of this initial decision, which the Board granted on July 9, 2014. SAppx 204–05. The Board reversed the initial decision and remanded

---

[1] "SAppx" refers to the appendix filed with the government's informal brief. Dkt. No. 16.

the case for a decision on the merits of the removal action. *Id.* at 211. In the same decision, the Board also explained that the Army was excused from distributing interim relief payments to Ms. Holmes when she was already receiving compensation from the Office of Workers' Compensation Programs (OWCP). *Id.* at 205 n.2. The Board explained that simultaneously receiving OWCP compensation and interim relief payments would contravene 5 U.S.C. § 8116(a), which prohibits employees receiving OWCP compensation from "receiv[ing] salary, pay, or remuneration of any type from the United States" except under certain conditions not relevant here. *Id.*

On remand, an administrative judge affirmed Ms. Holmes's removal, SAppx 170–71, and the Board then affirmed the administrative judge's findings, SAppx 97–98.

In a separate Board proceeding, Ms. Holmes filed a petition for enforcement, contending that the Army had impermissibly initiated a collection action to recoup the interim relief payments she received. SAppx 13. An administrative judge granted in part and denied in part Ms. Holmes's enforcement petition, determining that there were two relevant time periods: Period One between January 13, 2013 through December 13, 2013, and Period Two between December 14, 2013 through July 9, 2014. SAppx13, 15. The administrative judge explained the Army's recoupment action for Period One did not violate the interim relief order because during that period Ms. Holmes had received both interim relief payments from the Army and OWCP benefits. *Id.* at 15–17. The Army stipulated that Ms. Holmes was entitled to interim relief payments during Period Two. *Id.* at 17. The Board then granted the Army's petition for review, correcting the time periods established by the administrative judge to January 2, 2013 through December 14, 2013 for Period One and December 15, 2013 through July 9, 2014 for Period Two. *Id.* at 165. The Board directed the Army to file evidence of compliance with the decision, including evidence

showing that it stopped any efforts to recoup interim relief payments made to Ms. Holmes during Period Two. *Id.* at 167–68.

On June 13, 2022, the Army filed its statement of compliance, stating in part that it had provided the Defense Finance and Accounting Service (DFAS) with a copy of the relevant order and that it instructed DFAS to not seek recoupment of any interim relief payments made to Ms. Holmes during Period Two. SAppx 3. Ms. Holmes's response argued that the Army's statement did not include a calculation of her debt. *Id.* The Clerk of the Board directed the Army to submit: (1) a narrative statement explaining the agency's calculation of Ms. Holmes's debt resulting from the incorrectly transmitted interim relief payments; and (2) evidence of the amounts recouped from her. *Id.* at 4. The Army responded by filing a supplemental statement of compliance that included a six-page narrative from Jill Snipes, the Debts & Retirements Division Chief within Civil Pay Operations at DFAS, explaining the calculation of Ms. Holmes's debt and recoupment amounts. *See id.* at 50–89. Ms. Holmes, in response, asserted the Army filed "overly technical documents" that were incomprehensible. *Id.* at 44.

On January 15, 2025, the Board issued a Final Order finding that the Army had sufficiently established Ms. Holmes's debt for Period One, and that it had not sought recoupment for interim relief payments made for Period Two. SAppx 1–7. Ms. Holmes timely filed a petition for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Under 5 U.S.C. § 7703(c), we may set aside an action of the Board only if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by

substantial evidence." *McIntosh v. Dep't of Def.*, 53 F.4th 630, 638 (Fed. Cir. 2022) (citation omitted). Ms. Holmes, as the petitioner, bears the burden of establishing that the Board committed reversible error. *See Harris v. Dep't of Veterans Affs.*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

Ms. Holmes argues that the Army did not provide sufficient evidence and explanation for how it calculated her debt. *See* Pet'r's Informal Br. 5. Among many purported deficiencies, Ms. Holmes alleges that the Army did not provide the source documents for the many spreadsheets and "[t]herefore there is no way to verify the data" in the Army's spreadsheets. *Id.* at 5–6. Ms. Holmes's argument is not persuasive.

Substantial evidence supports the Board's determination that the Army complied with the Board's order to explain its calculations of Ms. Holmes's debt accrued during Period One. The Army "provided a narrative and spreadsheets with detailed information for the relevant time period, explaining how the appellant's debt was calculated." SAppx 4. In the supplemental statement of compliance, Ms. Snipes explained in detail how the Army calculated Ms. Holmes's gross debt. *See id.* at 56–62. All the calculations she described are based on specific line items in a 25-page workbook documenting payments, returned checks, returned electronic funds transfers, and withholdings made for specific pay periods. *See id.* at 63–87. The Board reasonably concluded, based on Ms. Snipes's explanation, that the Army complied with the Board's order. *Id.* at 4–7. And, as the Board found below, Ms. Holmes provides no specific challenges to the agency's calculations; nor has she argued that she returned unaccounted payments to the agency. *See id.* at 6. She also has neither argued nor shown that she never received the payments described in the Army's calculations.

To the extent Ms. Holmes suggests that the Army failed to comply with the Board's order not to seek

recoupment of interim relief payments during Period Two, she identifies no evidence that the Army took action to recoup those payments. *See* Pet'r's Informal Br. 8–9 (questioning why there were debts "generated" during Period Two, not showing that the Army actively attempted to collect those debts). Ms. Holmes, moreover, does not dispute the declarations provided by the Army that "DFAS has stopped any effort to recoup the interim relief payments made to the Appellant during the period from December 15, 2013, through July 9, 2014." SAppx 161; *see also* SAppx 61 (another Army declarant explaining that, "[i]n regards to December 15, 20[1]3 to July 9, 2014 when the Employee properly received only interim relief benefits, which the Army could not recoup, no amount has been recouped from the Employee attributable to that period of time"); Pet'r's Informal Reply 1–3. Substantial evidence therefore supports the Board's determination that the Army complied with the Board's order.

Ms. Holmes also contends that her constitutional right to due process was violated. *See* Pet'r's Informal Br. 5, 7, 10, 12. We are not persuaded. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Edwards v. Shinseki*, 582 F.3d 1351, 1355 (Fed. Cir. 2009) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 332–33 (1976)). Due process requires "a fair hearing on the merits" of a claim. *Cushman v. Shinseki*, 576 F.3d 1290, 1299 (Fed. Cir. 2009). Ms. Holmes does not offer any evidence that she was not meaningfully afforded the opportunity to be heard. On the contrary, the extensive procedural record includes orders from several administrative judges and multiple hearings before the Board.

HOLMES v. ARMY                                                        7

CONCLUSION

We have considered Ms. Holmes's remaining arguments but find them unpersuasive.[2] For the foregoing reasons, the Final Order of the Merit Systems Protection Board is *affirmed*.

**AFFIRMED**

COSTS

No costs.

---

[2]    This includes arguments submitted in Appellant's Mem. in Lieu of Oral Arg.  Dkt. No. 24.